UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SERVIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-5706 |
| | ) | |
| v. | ) | Hon. Jorge L. Alonso |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Disappointed that he had not been hired as a police officer, plaintiff David Servin ("Servin") filed against defendant City of Chicago ("Chicago" or the "City") a two-count second amended complaint, in which he alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, et seq. Defendant moves for summary judgment on both counts. For the reasons set forth below, the Court grants the motion.

**I.   BACKGROUND**

The following facts are undisputed unless otherwise noted.[1]

Plaintiff David Servin was born May 16, 1971 and, thus, turned 40 years of age on May 16, 2011. Ten years earlier, in 2001, Servin began his efforts to become a Chicago Police

---

[1] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). The Court does not consider any facts that parties failed to include in their statements of fact, because to do so would rob the other party of the opportunity to show that the fact is disputed.

Officer by taking the written examination to become a Probationary Police Officer with the Chicago Police Department ("CPD"). When plaintiff passed, CPD put his name on the eligibility list for the position of Probationary Police Officer.

Specifically, after each written examination, the CPD generates an eligibility list, which contains the names of all the individuals who have passed the written examination. The names on the list are randomly-ranked, and, once an individual reaches the top of the list (i.e., becomes the individual with the lowest-ranked number), he or she is invited to attend CPD's Police Academy, so long as he or she has completed the other required steps. Even before an individual on the eligibility list reaches the top, he or she can begin completing the required steps. Among the steps are physical fitness tests, a drug screening and a psychological test. Once the candidate has completed the medical and drug examinations, the City assigns an investigator to perform a background check on the candidate. As part of the background investigation, the candidate completes a personal history questionnaire. If an eligibility list is long (such that candidates remain on it for years), candidates sometimes must complete updated personal history questionaires.

In July 2002, after plaintiff's first background check, CPD disqualified plaintiff from appointment as a police officer and notified him by letter. Plaintiff launched a successful challenge to his disqualification, and, by March 2005, plaintiff was back on the eligibility list.

By this time, Sgt. John Fumo ("Sgt. Fumo") was the administrative sergeant in charge of processing recruits for CPD. In August 2005, plaintiff contacted Sgt. Fumo to update his background check. Plaintiff sent in his new contact information. Sgt. Fumo told plaintiff to take a new fitness test, which plaintiff did and passed. Plaintiff put forth evidence that Sgt. Fumo told

him he would have to complete the other steps again, as well. Plaintiff believes the delay was deliberate and constituted age discrimination.

Plaintiff continued to go through the required steps. In November 2005, plaintiff completed an updated personal history questionnaire (although it contained an inaccurate contact number). Plaintiff also underwent medical and psychological examinations in 2006. When he had completed the steps, in or about June 2006, plaintiff telephoned Sgt. Fumo to let him know. Sgt. Fumo informed plaintiff that CPD had a hiring freeze and would not be starting new classes for some time. Plaintiff put forth disputed evidence that Sgt. Fumo told him to stay in shape. Plaintiff put forth disputed evidence that when plaintiff asked what would happen if there were still a hiring freeze when plaintiff turned 40, Sgt. Fumo told plaintiff not to worry and that he was exempt.

By municipal code, the City sets a maximum hiring age of 40 for new police officers. Chi. Municipal Code §2-152-410(e) ("[N]o person above the age of 40 may receive initial appointment as a probationary career service police officer with the police department."). Defendant appointed one officer on his 40th birthday.

In 2007, Thomas Mazurski ("Mazurski"), an Investigator with the CPD, was assigned to conduct a background investigation on plaintiff. Defendant put forth disputed evidence that Mazurski contacted plaintiff by telephone on November 2, 2007 to request that plaintiff fill out an updated personal history questionnaire. Plaintiff agrees that someone from CPD contacted him in 2007 to ask whether he was still interested in becoming a police officer, but plaintiff says that person was not Mazurski. Defendant put forth disputed evidence that plaintiff told Mazurski he still wanted to be a police officer. Defendant put forth disputed testimony that Mazurski told plaintiff he would drop off a personal history questionnaire form at plaintiff's home and that he

actually did so. Defendant put forth disputed evidence that, when Mazurski did not receive the form back from plaintiff, Mazurski telephoned plaintiff, who told Mazurski he had not had a chance to fill out the form but would. Mazurski did not hear back from plaintiff.

It is undisputed that, on December 11, 2007, Mazurski prepared for his commanding officer a report in which he recommended that plaintiff be dropped as a candidate for probationary police officer due to his failure to cooperate and non-compliance with filling out an updated personal history questionnaire. Mazurski's recommendation was approved by his supervisor Sgt. Al Stinetes and, ultimately, by the Commanding Officer of Mazurski's division, Lieutenant Ganess Lewis.

Plaintiff did not receive notice that he had been dropped from the eligibility list in 2007. Although Mazurski sent plaintiff a letter by certified mail, it is undisputed that plaintiff did not receive the letter. So plaintiff thought he was still on the list. Occasionally, he telephoned CPD to inquire about the hiring freeze. In 2010, plaintiff telephoned CPD to inquire about the hiring freeze more than once, because he had heard CPD had given the written examination at McCormick Place. In 2012 or 2013, plaintiff left messages for CPD, because he heard there was a training class starting at the Police Academy.

Finally, in November or December 2014, plaintiff heard that two of his younger relatives were starting a class at the Police Academy in December 2014. In 2015, plaintiff met with an attorney. On February 24, 2015, plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination, in which he alleged (among other things not

relevant to this suit) age discrimination.[2]  The EEOC issued a right to sue letter on June 26, 2015, and plaintiff filed this suit on June 26, 2015.

Plaintiff filed a two-count second amended complaint alleging violations of the ADEA. In Count I, plaintiff alleges defendant violated the ADEA by refusing to hire plaintiff, and, in Count II, plaintiff alleges the violation was willful.

## II.  STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party.  *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021 (7th Cir. 2018).  Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."  *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party."  *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.  DISCUSSION

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to fail or refuse to hire" any individual "because of such individual's age."  29 U.S.C.

---

[2] The Court has sustained a number of hearsay objections to testimony plaintiff offered to support his statement of facts, including plaintiff's testimony as to things EEOC investigators told him.  *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) ("[H]earsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible at trial.").

§ 623(a). The protections of the ADEA are limited to "individuals who are at least 40 years old." 29 U.S.C. § 631(a); *Wrolstad v. Cuna Mutual Ins. Soc.*, __ F.3d __, __, 2018 WL 6614643 at *3 (7th Cir. 2018).

To prevail on a claim for age discrimination, a plaintiff must put forth evidence that age was the "but-for" cause of the adverse action. *Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 176 (2009) ("To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the "but-for" cause of the employer's adverse action."). Plaintiff "may carry his burden by presenting direct or circumstantial evidence" that defendant failed to hire him "because of his age," or he may proceed under the "burden-shifting approach by producing evidence that a similarly-situated person not in the protected class was treated more favorably." *Wrolstad*, __ F.3d at __, 2018 WL 6614643 at *4. Ultimately, the question on a summary judgment motion is "whether the evidence as a whole would allow a reasonable jury to find that plaintiff suffered an adverse job action because of his age." *Wrolstad*, __ F.3d at __, 2018 WL 6614643 at *4.

Defendant makes a number of arguments as to why it is entitled to summary judgment. Among them, defendant argues that plaintiff's claims are barred by the statute of limitations. Like Title VII, the ADEA requires individuals to file a charge of discrimination within 300 days "after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(1)(B). A "discrete" act such as a failure to hire occurs on the day it happens. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Thus, defendant's decision to drop plaintiff from the eligibility list occurred in December 2007.

Plaintiff's claim for age discrimination arising from his being dropped from the eligibility list did not accrue at that time, though, because he did not learn that he had been dropped from

6

the list at that time. *Cada v. Baxter Healthcare Corp.*, 920 F.3d 446, 450 (7th Cir. 1990) ("Accrual is the date on which the statute of limitations begins to run. It is not the date on which the wrong occurs, but the date—often the same, but sometimes later—on which the plaintiff discovers he has been injured."). It is undisputed that plaintiff did not receive the letter notifying him, so it is clear plaintiff did not discover the injury back in 2007. It is not clear in this case when plaintiff should have discovered that he was no longer on the eligibility list. Perhaps he should have discovered it in 2010, when he learned the CPD was giving the written examination at McCormick Place. Perhaps he should have discovered it in 2012 or 2013 when he learned that a training class was starting at the Police Academy. Perhaps he should not have discovered it until December 2014 when he learned that his younger relatives were starting at the Police Academy. The best answer is probably that plaintiff should have discovered he was no longer on the eligibility list in 2012 or 2013 when he heard a class was entering the Police Academy. *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995) ("A plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful."). The Court need not decide the statute-of-limitations issue, however, because it is clear, in any case, that plaintiff has not put forth sufficient evidence to survive summary judgment on the merits of his ADEA claims.

To begin with, the ADEA protects only individuals who are at least 40 years of age. 29 U.S.C. § 631. It is simply not unlawful under the ADEA to discriminate on the basis of age against an individual under the age of 40. *General Dynamics Land Systems, Inc. v. Cline*, 540 U.S. 581, 591 (2004). Thus, as defendant points out, CPD's decision in December 2007 to remove plaintiff from the eligibility list was not actionable under the ADEA. Plaintiff was only 36 years old at the time.

In response to defendant's motion for summary judgment, plaintiff argues that he has suffered two adverse employment actions: first when CPD "intentionally delayed his appointment" and second when CPD "failed to hire Mr. Servin as a PPO after he turned 40." Plaintiff cannot survive summary judgment on either.

Plaintiff has not put forth any evidence that CPD intentionally delayed plaintiff's appointment until after he turned forty. Even if plaintiff had put forth evidence, it would not be actionable under the ADEA, because such actions necessarily occurred before plaintiff turned 40. 29 U.S.C. § 631(a); *see also Vicenteno v. City of Chi.*, Case No. 14 CV 2574, 2014 WL 4122863 at *2 (N.D. Ill. Aug. 21, 2014) (dismissing claim that City "purposefully delayed [plaintiff's] application for three years, so that as soon as she turned 40, it could terminate her application" on the grounds that the ADA "only protects people over 40").

Nor can plaintiff survive summary judgment based on his argument that defendant failed to hire him after he turned 40. Plaintiff has put forth no evidence that he applied for a position again after he turned 40 or that CPD, after plaintiff turned 40, decided to reject him. *Sembos v. Philips Components*, 376 F.3d 696, 702 (7th Cir. 2004) ("An employer cannot be liable for failing to hire a person who does not apply for a job."). This is perhaps not surprising, because plaintiff never received the December 2007 letter rejecting his candidacy.

Even had defendant actually rejected plaintiff after he turned 40, plaintiff concedes that defendant has a policy of not hiring as police officers any individuals who are over the age of 40. *See* Chi. Municipal Code §2-152-410(e) ("[N]o person above the age of 40 may receive initial appointment as a probationary career service police officer with the police department."). Such age restrictions for the hiring of police officers do not violate the ADEA so long as they are "pursuant to a bona fide hiring or retirement plan that is not a subterfuge to evade the purposes of

this chapter." 29 U.S.C. § 623(j)(1)-(2). A "plan is 'bona fide' when it is real rather than a fable spun for the occasion." *Davis v. Indiana State Police*, 541 F.3d 760, 762 (7th Cir. 2008). The plan at issue here is set out in Chicago's Municipal Code, so it is bona fide, rather than a fable. Plaintiff argues defendant once hired a person on his 40th birthday. That, however, is not subterfuge (*Davis*, 541 F.3d at 761-762 (subterfuge is a plan "designed to evade portions of the ADEA other than the age rules")); that is application of the plan, which prohibits hiring only those *above* 40.

Plaintiff has not put forth evidence from which a reasonable jury could conclude that he was a victim of age discrimination in violation of the ADEA. Defendant is entitled to judgment as a matter of law on Count I for violation of the ADEA and Count II for willful violation of the ADEA.

## IV. CONCLUSION

For all of these reasons, the Court hereby grants defendant's motion for summary judgment [63]. Counts I and II are dismissed with prejudice. Civil case terminated.


SO ORDERED. ENTERED: January 11, 2019

_____
JORGE L. ALONSO
United States District Judge